# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILIP J. VONVIILE, PRO SE, <br> JOSEPH J. VONVILLE <br> PLAINTIFF <br><br> VS. <br><br> POCONO MOUNTAIN REGIONAL <br> POLICE DEPARTMENT <br> TOBYHANNA TOWNSHIP, <br> TUNKHANNOCK TOWNSHIP, <br> COOLBAUGH TOWNSHIP, <br> MONROE COUNTY-PA <br> HARRY W. LEWIS, LUCAS BRAY, <br> & <br> MONROE COUNTY DISTRICT <br> ATTORNEY'S OFFICE; e. DAVID <br> E. CHRISTINE, 1ADA MICHAEL <br> MANCUSO, ADA CHAD A. <br> MARTINEZ, ADA ANDREW <br> KROECKEL, <br> DET. RICHARD W. LUTHCKE, DET. <br> CRAIG VANLOUVENDER, DET. <br> ROBERT SEBASTIANELLI, <br> DELAWARE STATE POLICE <br> (DSP HEADQUARTERS) <br> ROBERT A. SAURMAN, ESQ., <br> CHANNEL 16 NEWS (Pocono Record) | CIVIL ACTION: 3:21-CV-1603 <br><br> DEMAND JURY TRIAL <br><br> FILED <br> SCRANTON <br> SEP 16 2021 <br> PER _____ <br> DEPUTY CLERK |

## COMPLAINT U.S.C. 1983

Plaintiff Philip Joseph VonVille, pro se, hereby complain of the above named Defendants, as follows:

1

## I. INTRODUCTION AND SUMMARY OF THE ACTION

This action for damages and relief (unconditional release) is brought by Philip J. VonVille who at the time resided in Sussex County Delaware with his son and ex-wife. This tragic tale has been kept from the public and still now VonVille suffers due to the actions of Individual Defendants and Defendant Mancuso: said, **"to have been the only mechanism to detain VonVille"**. The Individual Defendant named herein does not include P. J. Margherita Patti-Worthington although she was key to keeping VonVille detained in clear violation of Rule 600; Persons bailable; Habeas Corpus, and had no Jurisdiction to suspend relief granted by the Middle District of Pennsylvania, Hon. Judge Caputo. (Clearly a misbehavior in Office and abuse of discretion) The remaining defendants corruptly seized upon and acted as Individuals in their respected capacities to achieve the desired outcome of arresting Plaintiff. This was damage control for Monroe County Courthouse, District Attorney's Office and Pocono Mountain Regional Police Department all had an interest in keeping VonVille detained. Herein I will show evidence that cannot possible be denied as the in the criminal court in Monroe, denial, encoring material evidence and attacking pro se litigant, defendant, and Plaintiff's, competence, trying to convince him that he is just paranoid due the sever PTSD that he suffers from. This is offensive and so far removed from being "ethical" Officers of the court. Herein I Philip J. VonVille, pro se will be addressing "ONLY", the re-arrest of July 22, 2019, under a warrant filed by Individual Defendants and Defendant Mancuso on July 19, 2019 **Exhibit 3** . (QUASHED ON SEPTEMBER 30, 2019, BY P.J. MARGHERITA PATTI-WORTHINGTON; **Exhibit 4.** On March 5, 2019, in the Middle District of Pennsylvania, Hon. Judge Caputo ordered the case 1708 CR 2009, VACATED AND REMANDED FOR A NEW TRIAL, Due to having been "wrongly convicted" and denied a "fair" trial due to Constitutional Infractions on behalf of Monroe County Courthouse, and District Attorney's Office. (VonVille v. Kerestes, decided March 5, 2019) ordered to retry VonVille within (120) days. Monroe County District Attorney's Office made absolutely no attempt to proceed forward with a trial which would have entailed a bail hearing for VonVille had a privilege per rule 600 persons bailable; Habeas Corpus.

On July 8, 2019, Plaintiff was released from SCI Mahanoy by Hon. Judge Caputo **Exhibit 6**, family of Plaintiff came from lower Delaware, Sussex County, and five hour drive. Plaintiff then immediately was taken to reside with his son and ex-wife in Delaware, same day. On the way to Delaware, Plaintiff called the Federal Public Defenders Office and informed Gerald Bierbaum, counsel given to Plaintiff by Hon. Judge Carlson, informing him of his intention to reside in Delaware. Plaintiff was informed to standby and await a call to the number he provided to counsel, for

2

a bail hearing where FPDO would insure he had ethical counsel. VonVille went to live with his son and catch up on 10 years of lost time, his son being (8 yrs.) old when VonVille was taken away and wrongly convicted. VonVille went to the gym everyday with his son and taught him how to do house hold things to help his mom, fixing the toilet, the drywall and maintenance on his son's truck. A hard fought 10 years to keep a promise to come home and was taken away in just two weeks by Individual Defendants and Defendant Mancuso, in a criminal Capacity.

On July 19, 2019, Individual Defendants and Defendant Michael Mancuso filed a criminal report they knew to be untrue. **Exhibit 3**, This was because a "stay" was denied by Hon. Judge Caputo. On July 22, 2019, Delaware State Police, Special Task Force, swarmed in on an unexpected Plaintiff and his son getting into a truck to go to the gym like they had been doing for two weeks. Several unmarked cars boxed in the Plaintiff. Officers drew weapons and pointed them at the Plaintiff and his son, terrorizing them both. VonVille was taken into custody and transferred to Sussex County Correction Facility in Georgetown Delaware. Plaintiff was again subject to being arrested, detained, stripped, lost his liberty, and was subjected to harsh and strict conditions, and crowded conditions therein. Plaintiff's son came to visit and was extremely distraught seeing his father re-arrested and now incarcerated, unjustly, **having _"not"_ committed a crime**.

2.       The Individual Defendants named herein do not include P.J. Margherita Patti-Worthington or although she knew and acted with intent with no consideration of the law or rights of VonVille, Plaintiff, do to her knowledge that she is protected by immunity as a Judicial Officer, Clearly a "Misbehavior in Office". Without the assistance of the court VonVille would still be at liberty and would have been able to have brought awareness to the actions had in 2009, to have Plaintiff convicted in 2010, by ill means such as the ones acted on by all mentioned herein. Her willingness to pervert and misapply the law (bad law) was key to having the Plaintiff detained in clear violation of his 4th Amendment and 14th Amendment rights. (Due Process) and 8th Amendment Rights

3. The remaining Defendants corruptly seized upon and exploited their position and intentionally kept quite the actions of [all] involved not only of the re-arrested addressed but of the wrongful conviction had in 2010 and even more bothersome and certain to be a shock to the community, the actions taken by the same Individual Defendants and Defendant in 2009 case where Plaintiff was charged with (criminal homicide) when in fact he was the victim, yet that evidence was not followed up on (lost) and they failed to investigate evidence that would show Plaintiff was to be killed by a new lover of his ex-fiancé. Individual Defendants took advantage of Plaintiff never expecting to be at a place where a fabrication and

3

an intentional concealing of exculpatory evidence was had in the trial of 2010, to gain a conviction (ref. VonVille v. Kerestes, decided March 5, 2019) and more recently in 2020. (Where the trial court took every liberty to keep out the facts supported by the discovery but permitted the fabricated account, in which Plaintiff is in Superior Court of Pennsylvania, **(873, 908, 960 EDA 2021, via, Interlocutory Appeal** as of right, (denied 3/25/21, by trial court, Double Jeopardy) A mistrial was called by the trial Court *sua sponte* on 2/21/20, without any considerations for the Plaintiff. **(Absent Manifest Necessity)**

4. At this time Plaintiff is still confined in violations of treaties and/or in violations of the Constitution of the United States. (Seeking relief; unconditional release.

## II.   Parties

1. Philip J. VonVille, pro se, lived at 11190 Jordan Ave. Bridgeville, DE 19933 with; (Detained now at MCCF, 4250 Manor Drive, Stroudsburg, Pa. 18360
2. Joseph J. VonVille residing at 11190 Jordan Ave. Bridgeville, DE 1993.
3. Philip J. VonVille, Joseph J. VonVille will be referred to herein collectively as "Plaintiff".
4. Defendant Pocono Mountain Regional Police Department (the "Department") is a regional police force duly created, organized and /or existing under the laws of the Commonwealth of Pennsylvania. At all times relevant hereto, the Department provided law enforcement coverage for Tobyhanna Township, Mount Pocono Borough, Tunkhannock Township, and Coolbaugh Township. The Department is headquartered at HC 89 Box 200, Route 940, Pocono Summit, PA 18346.
5. Defendant Tobyhanna Township ("Tobyhanna") is a municipal corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania with a business address of HC 89, Box 289, Government Center Building, State Avenue, Pocono Pines, PA, 18350.
6. Defendant Mount Pocono Borough ("Mount Pocono") is a municipal corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania with a business address of 303 Pocono Boulevard, Mount Pocono, PA 18344-1415.
7. Defendant Tunkhannock Township ("Tunkhannock") is a municipal corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania with a business address of P.O. Box, Long Pond, PA 18334.
8. Defendant Coolbaugh Township ("Coolbaugh") is a municipal corporation duly organized and exiting under the l was of the Commonwealth of

Pennsylvania with a business address of 5550 Memorial Boulevard, Tobyhanna, PA 18466.

9. Defendants Tobyhanna, Mt. Pocono, Tunkhannock and Coolbaugh will be referred to herein collectively as the "Department Municipalities."

10. Defendant Harry W. Lewis is a competent adult individual who, at all times relevant hereto, served as the Chief of the Department ("Chief Lewis"). At all times relevant hereto, Chief Lewis acted under color of state law and within the course and scope of his duties as the Chief of the Department. Moreover, at all times relevant hereto, Chief Lewis acted as a policymaker of the Department and, in that capacity, was responsible for the formulation and/or implementation of all practices, policies and procedures of the Department, the discipline, assignment, training and supervision of staff, including Department detectives; and all other day-to-day operations, oversight, command and control of the department. In addition, and as set forth more fully below, Chief Lewis personally participated in directed, assisted, knew of, ratified and/or acquiesced in the misconduct complained of herein. Chief Lewis is being sued in both his individual and official capacities.

11. Defendant Richard W. Luthcke is a competent adult individual who, at all times relevant hereto, served as a detective in Monroe County District Attorney's Office. ("Det. Luthcke") At all times relevant hereto, Detective Luthcke acted under color of state law and within the course and scope of this duties as a detective in the Office. Moreover, at all times relevant hereto, Detective Luthcke personally participated in, directed, assisted, knew of, ratified and/or acquiesced in the misconduct complained herein.

12. Defendant Lucas Bray, is a competent adult individual who, at all times relevant hereto, served as a detective in the Department ("Detective Bray"). At all times relevant hereto, Detective Bray acted under color of state law and within the course and scope of this duties as a detective in the Office. Moreover, at all times relevant hereto, Detective Bray personally participated in, directed, assisted, knew of, ratified and/or acquiesced in the misconduct complained herein.

13. Defendant Craig Vanlouvender is a competent adult individual who, at all times relevant hereto, served as a detective in Monroe County District Attorney's Office. ("Det. Vanlouvender") At all times relevant hereto, Detective Vanlouvender acted under color of state law and within the course and scope of this duties as a detective in the Office. Moreover, at all times relevant hereto, Detective Vanlouvender personally participated in, directed, assisted, knew of, ratified and/or acquiesced in the misconduct complained herein.

14. Defendant Robert Sebastianell is a competent adult individual who, at all times relevant hereto, served as a detective in Monroe County District Attorney's Office. ("Det. Sebastianell") At all times relevant hereto, Detective Sebastianell acted under color of state law and within the course and scope of this duties as a detective in the Office. Moreover, at all times relevant hereto, Detective Sebastianell personally participated in, directed, assisted, knew of, ratified and/or acquiesced in the misconduct complained herein.
15. Defendant Monroe County, Pennsylvania ("Monroe County") is a municipal corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania with a business address of Monroe County Administration Center, 1 Quaker Plaza, Room 201, Stroudsburg, PA 18360.
16. Defendant Monroe County District Attorney's Office is a duly established, created and/or designated department/agency of Monroe County, which maintains an Office at North 7th Street and Monroe Street, Stroudsburg, PA 18360.
17. Defendant Channel 16, News (WNEP-Pocono Record), is a local television station that reports for Monroe County and the surrounding areas. Located at 511 Lenox Street, Stroudsburg, Pa 18360.  Mr. VonVille has tried to contact the new center on several occasions but am unsure of why he hasn't heard back?  The new trial granted by the Middle District of Pennsylvania, (VonVille v. Kerestes, decided March 5, 2019) was not reported or broadcasted to inform the citizens of Monroe County of the wrongful convictions and Unconstitutional behavior that accrued in the trial of 2010. Then when Mr. VonVille was re-arrested on new (criminal homicide) charges, known to be fraudulent, and was extradited and brought back to Monroe County Corr. Facility, Channel 16, news affiliate of District Attorney's Office of Monroe County, having regular interactions within this small knit community, in Monroe County, I seek a conference with Channel 16 as per my right, a right that has been obstructed intentionally by all parties mentioned herein. I NEED TO BE HEARD TO TELL WHAT ABUSE HAS HAPPENED AND IS HAPPENING! Respectfully
18. Defendant E. David Christine, Jr., Esq. ("Christine") is a competent adult individual who, at all times relevant hereto, served as the District Attorney of Monroe County.  At all times relevant hereto, Defendant Christine acted under color of state law and within the course and scope of his duties as the District Attorney of Monroe County. Moreover, at all times relevant hereto, Defendant Christine acted as a policymaker and administrator of the Monroe County District Attorney's Office and, in that capacity, was responsible for the formulation and/or implementation of all practices, policies and

6

procedures of the office; the discipline, assignment, training and supervision of staff, including assistant district attorney's and detectives; and all other day-to-day operation, oversight, command and control of the Office. Defendant Christine is being sued solely for acts and/or omissions in his administrative/supervisory capacity as the District Attorney of Monroe County.

19. Defendant Michael Mancuso, Esq. ("Mancuso") is a competent adult individual who, at all times relevant hereto, served as an Assistant District Attorney of Monroe County. At all times relevant hereto, Defendant Mancuso acted under color of state law and within the course and scope of his duties and as an Assistant District Attorney of Monroe County. Although Defendant Mancuso engaged in other reprehensible acts during the filing of a new criminal complaint on Plaintiff as set forth more fully herein, Defendant Mancuso is being sued solely for acts and/or omissions in his investigatory capacity prior to the initiation of any criminal proceedings against Plaintiff.

20. Defendant Robert A. Saurman, Esq. ("Saurman") (From this moment forward Saurman will be part of the defendants for all actions or failure to act in aligned with all other parties named herein above, and will be addressed further as Individual Defendant or Defendant's) is a competent adult individual who, at all times relevant hereto, served as "conflict counsel", assigned by P.J. Margherita Patti-Worthington on August 2, 2019, counsel admitted to defendant to being present the whole time Mr. VonVille was being represented by PD Jason Labar, Esq. (Conflict of Interest) On September 30, 2019 at a hearing to quash and bail hearing counsel fumbled through an unsuccessful argument on behalf of Mr. VonVille, he failed to argue the most important part, the court had no Jurisdiction to suspend a "privilege" to nominal bail. Counsels deficient representation, failed to address the illegal re-arrest on September 30, 2019, with appropriate and timely motions to Superior Court of Pa, filed 33 days later absent the judges cause to deny bail, that would have easily found relief for P.J. Worthington as mentioned did not have jurisdiction to suspend the rule 600, habeas relief but did so, perverting the law and using the standard held under rule 600 under a new criminal complaint that the court had just dismissed and admitted was the wrong "mechanism" N.T. hearing 9/30/19, to re-arrest VonVille but still kept VonVille incarcerated, abuse of the law and abuse of discretion causing mental anguish. Counsel chose to defend the District Attorneys actions "Mancuso", saying that he is doing what he thinks is right, and that he is not a bad guy". It's clearer after a mistrial called sua sponte and whereas counsel did at the bail hearing spoke up for

7

his client/defendant when the trial court tried to persuade both the comm. and counsel to motion for a mistrial. Yet that is where counsel's advocacy for his client stopped. For counsel "Saurman" did not "act" and file for Double Jeopardy after arguing there was not the required manifest necessity for counsel, Commonwealth or the Judge to declare a mistrial, yet did not file for double jeopardy. Defendant Saurman is being sued solely for acts and/or omissions in his legal investigative responsibility and responsibility to act and secure Mr. VonVille's rights to liberty and protect him from abuse of the court, (had before in the same exact way in 2010, was said to be prejudicial and plainly wrong by Hon. Judge Carlson and Hon. Judge Caputo, adopting the R/R, by Hon. Judge Carlson) he failed and choose to collude with the party's names herein, handling and pacifying Mr. VonVille and failing to investigate or file appropriate motions for relief. **This is after in VonVille v. Kerestes Counsel of 2010, did the same thing, failed to be timely and follow through with seeking and advocating fully for relief Mr. VonVille had a right to per the Constitution**, it cannot be said counsel was not knowingly or accidently failing to act for Mr. Saurman is a very experienced lawyer having his own practice for more than 20 years and had admitted to even being a prosecutor for a short time. Failure to act by conflict counsel "Saurman", was key to insuring Mr. VonVille stay detained prior to his second trial had on February 2, 2020, that ended in a mistrial and Mr. VonVille became aware of just how unethical "Saurman" was, then Motioning to proceed pro se to insure his rights were acted on to the best of his ability. I am seeking damages that are from deceitful representation, unethical representation, that cause Mr. VonVille, deprivations of civil liberties, mental anguish, and the inability to defend himself per Due Process rights. I ask you to please hold this man accountable for his actions in light of all evidence certainly is more than circumstantial evidence to a complete conspiracy to deprive I VonVille of all rights per Constitution, I seek monetary damages and seek fines and/or sanctions be had on Mr. Saurman, on an Individual Capacity, or any other remedies that this Honorable Court may find appropriate, respectfully.

### III.  **Jurisdiction and Venue**
21. This Court possesses jurisdiction over the claims set forth herein pursuant to 28 U.S.C. §§ 1331 and 1343.
22. Venue is properin this judicial district pursuant to 28 U.S.C. § 1391 because a substancial part of th eevents and/or omissions giving rise to the clams set forth herin occurred in this district.

### IV.  **Factual Allegations Common to All Counts**

23. Channel 16, New (WNEP-Pocono Record), is a local television station that reports for Monroe County and the surrounding areas. Mr. VonVille has tried to contact the new center receiving, no response. The new trial granted by the Middle District of Pennsylvania, (VonVille v. Kerestes, decided March 5, 2019) was not reported widely on TV for all to see and broadcasted to inform the citizens of Monroe County of the wrongful conviction and Unconstitutional behavior that occurred in the trial of 2010. Then when Mr. VonVille was re-arrested on new (criminal homicide) charges, known to be **fraudulent,** and then was extradited and brought back to Monroe County Corr. Facility by District Attorney's Detectives herein named more fully below, Channel 16, news affiliate of District Attorney's Office of Monroe County, having regular interactions within this small knit community, in Monroe County. Individual defendant, 1st ADA Mancuso, off the record in the closing moments on 9/30/19, said to P.J. Margherita Patti-Worthington, **"I am doing my best to keep this quite"**. Mr. VonVille has a First Amendment right to be heard and to make the community aware of any abuse by the court, but his detention and inability to get a response from the local news channel 16 Pocono Record of Stroudsburg Pa., deprives Mr. VonVille of that right. Worth mentioning, being *pro se* Mr. VonVille shall be permitted to call (Monroe County Corr. Facility said Mr. VonVille "can't call" only write, to no avail, purposeful) a conference to report what is happening but Mr. VonVille being detained illegally obstructs that ability and failure to respond to numerous letters, by CHANNEL 16 has made that obstruction complete, affectively assisting, willingly or unwillingly?, to keep under wraps the illegal actions of Monroe County District Attorney's Office, PMRPD, and Monroe County Courthouse. Mr. VonVille is seeking damages for deprivations of the right to be heard and have the public informed of the wrongful conviction and Constitutional violations mentioned in (VonVille v. Kerestes), Mr. VonVille seeks monetary damages, for deprivations of rights and/or an opportunity to be heard, having a reporter contact me here at MCCF and report what I have been through.
24. On July 19, 2019, Det. Richard W. Luthcke and Det. Lucas Bray filed and criminal complaint and had a warrant filed and signed by Richard A. Claypool, of Long Pond, PA 18334. ADA Michael Mancuso, signed and approved the complaint and warrant, in where Delaware State Police in Bridgeville, DE, was called and asked to apprehend Philip J. VonVille.
25. On July 22, 2019, Delaware Special Task Force apprehended VonVille and transported him to Sussex County Correctional Facility until he could be extradited back to Pa, for a criminal homicide anew said to have happened in

Pa, 5 hours away from where VonVille resided after being released on July 8, 2019.

26. On or around July 29, 2019, Det. CRAIG VANLOUVENDER and DET. ROBERT SEBASTIANELLI, for Monroe County District Attorney's Office, drove from Monroe County, Pa, to Sussex County Delaware, to pick up VonVille and extradite him back to Monroe County Correctional Facility.

27. A hearing was had on August 2, 2019, **Exhibit 4** in front of P.J. Margherita Patti-Worthington, where ADA Michael Mancuso admitted to have used the only mechanism he knew to detain VonVille. (The falsification of another criminal complaint to suspend Habeas Relief and was then assisted by P.J. Worthington in delaying the proceedings)

28. On September 30, 2019, another hearing was had in front of P.J. Worthington, VonVille now being represented by Robert A. Saurman, conflict counsel. ADA Chad A. Martinez, was rep. for the Commonwealth along with ADA Andrew Kroeckel. **VonVille's Juvenile record that was the cause of the prejudice in 2009 and was again used in which P.J. Worthington took into consideration that VonVille plead guilty to "unlawful sexual contact" at 13 years of age.** Furthermore speeding tickets and Det. Luthcke, again fabricating evidence having no basis in fact, hearsay was permitted and accepted by the court and cause to deny VonVille bail. (Judge Worthington did not have the Jurisdiction to suspend VonVille's right to be at liberty for under rule 600; persons bailable; Habeas Corpus; the following would have to be at issue before VonVille would be deprived of his liberty: and the **privilege** of the writ of habeas Corpus shall not be suspended unless when in case of rebellion or invasion the public safety may require it. (Joint Resolution No. 1, 1998 P.L. 1327, H.B. No. 1520, why the new criminal complaint was filed. The court failed to properly address bail under the original docket but perverted the law and used the standard for bail under the **new criminal complaint** after "Quashing" it on September 30th, 2019. Thus affectively and erroneously suspending VonVille's liberty in violation of the Constitution and not the actions appropriate for a P.J. for her duty is to manage all other Officers of the court so if her discretion is not one of FADELITY, THE WHOLE COURT IS OUT OF ORDER AND NOT ALIGNED WITH THE LAW OF THE LAND, and SHALL BE SUBJECT TO REFORM.

29. Wherefore, Plaintiff comes before this court with convincing and material evidence that is overwhelming, in way of court documents and papers filed by and approved by the Individual Defendants and Defendant Mancuso. **Exhibit 5** Plaintiff asks that this issue be not permitted to be delayed for relief in way of monetary, liberty and justice are all in favor of the Plaintiff.

10

I ask this court to consider in their deliberations of monetary funds, that these trusted officers have a history of such actions, more than this court could ever know. As of now my case 1708 CR 2009, I believe is at a closing point in front of Superior Court highlighting the severity of the actions taken that cause the Plaintiff to lose 10 years with his son, subjected to years of abuse, unimaginable. **While this case only touches on the re-arrest**, it is intimately intertwined to the case the plaintiff is dealing with that these Individual Defendants and Defendant was part of, there actions being to cover up their corruption had back in 2009, this level of maliciousness and criminality of Officers of all levels of this county's judicial system speaks volumes to the culture of [all] involved doing as they like with no oversight. VonVille pleas for damages to account for all the pain and suffering VonVille has endured and still is. (I have no money to my name and no family other than my son, they knew this please consider this for monetary damages and the ability to work and support my son) Again it's my understanding that this issue is ripe for the criminal complaint used to detain VonVille was quashed on September 30, 2019, thus being within the 2 years statutory limit applicable.

30. The attached documents are evidence of the re-arrest and also the hearing of August 2, 2019 and September 30, 2019, (no funds available) where Individual Defendants and Defendant Mancuso admit to intentionally colluding to detain Plaintiff under false pretenses and assisted by the court to continue the detention spoken of and evidence provided of herein above.

## Count 1
42 U.S.C. § 1983
Unlawful Seizure/Arrest-False Imprisonment
Plaintiff v. Individual Defendants

31. The preceding paragraphs of this Complaint are incorporated herein by reference as though fully set forth.
32. As set forth more fully above, Plaintiff was arrested, detained and imprisoned by the Individual Defendants after being charged with criminal homicide that had no basis in fact, but was intentionally used to circumvent relief granted by Hon. Judge Caputo.
33. At all times relevant to conduct complained of herein, the Individual Defendants acted in their individual capacities and under the color of state law. Moreover, each of the Individual Defendants personally directed, participated, assisted, knew of, ratified and/or acquiesced in said conduct.
34. As further set forth more fully above, Plaintiff arrest, detainment and imprisonment were initiated without probable cause in that the facts and

circumstances available to the Individual Defendants were clearly insufficient to warrant a reasonably prudent officer in believing that Plaintiff committed the serious case of criminal homicide, in fact [all] parties herein in had intimate knowledge that VonVille was at liberty on a successive Habeas Corpus and colluded to suspend such relief, silencing the Plaintiff.

35. Because they were aware that they had no basis in law or fact to initiate criminal proceedings against Plaintiff, the Individual Defendants crafted affidavits of probable cause wherein they knowingly and/or deliberately, or with a reckless disregard for the truth, fabricated a new criminal homicide.
36. The Individual Defendant's conduct as aforesaid constitutes an unlawful seizure and/or false imprisonment in violation of the Fourth and Fourteenth Amendments to the United States Constitution.
37. Plaintiff constitutional rights not to be arrested, detained and/or imprisoned without probable cause were clearly established and know by the Individual Defendants at all times relevant to the conduct giving rise this action.

The following counts are applicable to the same set of facts herein and above this "complaint", I have had to shorten due to the inability of working and obtaining funds to mail out this complaint, note the "interlocutory appeal", submitted today 9-3-21 was completed by I Philip J. VonVille, but due to the actions of the Individual Defendants and Defendant Mancuso, and Monroe County Courthouse, I VonVille was not able to meet the requirements to file EVERYTHING NEEDED, to be heard, possibly? I was unable to put my legal briefs together, done by staff at Monroe County Correctional Facility, was unable to send the voluminous documents required and was unable to pay for no more than 30.00 dollars (donated by a fellow pre-trial detainee) for legal mail to the Superior Court of Pennsylvania, **regretfully I may have to shrink this down so to be able to mail out having to put in several envelopes provided for indigent inmates.** <u>This inability to effectuate my rights due to my lack of funds and family have left I VonVille exposed.</u> I have done my due diligence and more, having to fights with MCCF staff to acquire the required time I need to prepare legal documents with the computer I am using, having taken 2yrs to accomplish. This court, district attorney and local PMRPD has been said to be corrupt and in VonVille v. Kerestes said to be plainly wrong. Also in: (Spiess v. PMRPD; 3: cv-10-0287, Identical parties named) All involved in suspending my liberty took no time to break the law and purposely and intentionally keeping me detained until the trial that ended with a mistrial on February 21, 2020, by the trial Judge, court, sua sponte, only to learn of the cover up back in 2009, and why lies where prevalent at the 2020 trial.(then fighting to be pro se having been given another lawyer that was best friends of the DA and unethical)  Learning this VonVille fought through attacks from Judge

12

Jonathan Mark, **accusations of being paranoid** and denied any chance to have a fair trial, it's all clear in the "interlocutory appeal", in Superior Court of Pa, Under a myriad of Double Jeopardy Clauses, Superior Court denied I VonVille the ability to be released prior to the outcome of the interlocutory appeal being reviewed in their court. (**Making it "impossible" to follow their requirements**)(I've sent this court what I could how I could for I have no funds!)

42 U.S.C. § 1983
Unlawful Seizure
Plaintiff v. Defendant Mancuso (investigative capacity only)
**Count III**
42 U.S.C. § 1983
Conspiracy to Violate Civil Rights (Unlawful Seizure)
Plaintiff v. Individual Defendants & Defendant Mancuso
**Count IV**
42 U.S.C. § 1983
Malicious Prosecution
Plaintiff v. Individual Defendants
**Count V**
42 U.S.C. § 1983
Conspiracy to Violate Civil Rights
Plaintiff v. Individual Defendants

42 U.S.C. § 1983

*Monell* Liability

Plaintiff v. The Depart, Department Municipalities & Chief Lewis (Official capacity only)

**Count VII**
42 U.S.C. § 1983
Administrative/Supervisory Liability
Plaintiff v. Monroe County, Monroe County DA's Office & Defendant Christine (administrative capacity only)
**Relief Sought**
1. Seeking immediate release for the District Attorney's Office functioned to deny I VonVille my due process rights, prohibiting a 3rd trial. (Ability to raise money, work, defend myself, and follow all requirements of any court to have my rights properly presented for incarcerated I am severely lack the ability to prepare and defend myself).
2. Request what the court deems appropriate for the damages incurred herein explained in the best way possible, in my current detained state, in

way of punitive damages, interest, loss of the ability to work and make money for the two years incarcerated in violation of the Constitutional laws named herein, and take into account I was attacked while incarcerated, reference pictures, **Exhibit 6** and any further relief I may not have covered that the court believes the Plaintiff shall be awarded do to this being a continuation of violations with no concern for I VonVille's feeling, emotions, mental state, health, in which they sought intentionally to do VonVille harm, wrongly re-convicting VonVille, and then the irreparable damage of Plaintiff's son being terrified the day VonVille was re-arrested without cause. (Needing medical attention)

3. Over whelmed admittedly Plaintiff pleas with this court to consider remarks by Hon. Judge Carlson and Caputo as to the actions of this trial court and District Attorney in 2010 and now I report the inability to have due process again, of evidence that should show I VonVille shall have merit in saying that I am in need of legal ethical representation. Please consider **18 U.S.C. §3006A.**, Granted by Hon. Judge Carlson, knowing I am not a lawyer and if I don't have help I will most certainly be faced with the fact I might not find relief I am afforded because I have had my civil liberty rights violated and every conceivable Constitutional Right violated not once not twice but 3 times and still the Commonwealth of Monroe County still pursue with malice and ill intent to cause I VonVille harm in a 3rd trial. (Need help)
4. I have included a form to proceed in forma pauperis pursuant to Rule 552(d) for my account is -413.00 dollars as of 9/4/21, after copies at 25 cents a copy and $30.00 dollars to mail out my "brief of appellant" to Superior Court of Pa. I'm in desperate need of help, my life depends on it, respectfully.
5. Aside from punitive damages of Pocono Record, Channel 16, I request a conference and a chance to have actions by this court reported.

Sorry things are not more formal…… it's the best I can do locked up, having not committed any crime after being release on July 8, 2019.

**MCCF**
**4250 Manor Drive**
**Stroudsburg, Pa 18360**                                                        Philip J. VonVille, pro se