**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PHILIP J. VONVILLE,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:21-1603** |
| **v.** | : | **(JUDGE MANNION)** |
| **POCONO MOUNTAIN REGIONAL** | : | |
| **POLICE DEPARTMENT,** *et al.,* | | |
| **Defendants** | : | |

# O R D E R

Pending before the court is the June 21, 2022 report of Magistrate Judge Arbuckle, (Doc. 24), which recommends that the court dismiss, pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), the *pro se* amended civil rights complaint, under 42 U.S.C. §1983, filed plaintiff Philip J. Vonville, (Doc. 23), an inmate at the Monroe County Correctional Facility. Specifically, the report recommends the dismissal of plaintiff's amended complaint for failure to state a cognizable 4th Amendment claim, for failing to plead a cognizable conspiracy claim under §1983, for failure to state a proper municipal lability claim under Monell, and for failure to state an 8th Amendment claim with respect to being denied bail by the Monroe County Court. After the County Court denied plaintiff's motion to dismiss the charges under double jeopardy

in June 2022, the report notes that plaintiff is presently waiting his second re-trial on murder charges in Monroe County Court and has not yet been convicted. *See* Commonwealth v. Philip J. Vonville, No. CP-45-CR-0001708-2009. The report also finds that the amended complaint should be dismissed with prejudice since it would be futile to allow the plaintiff further leave to amend. After being granted an extension of time, the plaintiff filed objections to the report, (Doc. 27), on September 6, 2022. Upon review, the report of Judge Arbuckle will be adopted in its entirety and plaintiff's amended complaint will be dismissed with prejudice.

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1): Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D. Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept

- 2 -

the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also* <u>Univac Dental Co. v. Dentsply Intern., Inc</u>., 702 F.Supp.2d 465, 469 (2010) (citing <u>Henderson v. Carlson</u>, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.[1]

The plaintiff essentially alleges in this case that the state could not refile the same charges against him in a new criminal complaint and detain him in prison after the district court previously conditionally granted his habeas petition pursuant to 28 U.S.C. section 2254, and ordered his release from prison since he was not re-tried within 120 days. *See* <u>Vonville v. Kerestes</u>, Civil No. 14-1582, M.D. PA.

---

[1]Since the report states the complete background of this case and the correct legal standards, as well as the correct case law, regarding the analysis of the plaintiff's constitutional claims, they will not be repeated herein. *See also* <u>Vonville v. Kerestes</u>, Civil No. 14-1582, M.D. PA.

Also, since the report lists the state court background regarding the underlying murder charges pending against the plaintiff, it is not repeated herein. *See also* <u>Commonwealth v. Philip J. Vonville</u>, No. CP-45-CR-0001708-2009. The court takes judicial notice of plaintiff's Monroe County Court Criminal Docket which is found at https://ujsportal.pacourts.us/CaseSearch.

Here, the report provides a thorough analysis regarding the allegations and claims raised by the plaintiff in his amended complaint, and correctly explains why they should all be dismissed. As such, the court adopts all of the report's conclusions and will not repeat them.

Moreover, in Washington v. Beard, 258 F. Supp. 3d 512, 517 (E.D. Pa. 2017), the court stated:

> [the] "release or retry" language [in the federal court's order] did not prohibit the Commonwealth from re-arresting and retrying Petitioner after his release on the original [state] charges, and detaining him pending that retrial, subject to Petitioner's right to a pretrial bail hearing and any other rights of the accused under state and federal law. As the Third Circuit itself has explained, because it is a victorious habeas petitioner's "conviction, not his indictment, which has been declared unconstitutional" by a federal court, "[n]othing ... prevents [a] State from dealing with a habeas releasee who will be retried as the State would deal with any other State prisoner who has yet to stand trial." Carter, 781 F.2d at 998. Therefore, in this case, the "retry or release" order prohibited the Commonwealth from detaining Petitioner only on the basis of the prior judgment against him, from which Petitioner was released by conditional writ of the court after 120 days had elapsed. Nothing prevented the Commonwealth from releasing Petitioner pursuant to this Court's order, and then subsequently detaining him pending retrial, subject to the state court procedures for pretrial detention, including eligibility for bail. (emphasis original).

See also Freeman v. Capozza, 517 F.Supp.3d 407, 414 n. 8 (E.D. Pa. 2021) (In the event that [petitioner] is not retried within 120 days, the "release or retry" language above "d[oes] not prohibit the Commonwealth from re-arresting and retrying [petitioner] after his release on the original charges,

and detaining him pending that retrial, subject to [petitioner's] right to a pretrial bail hearing and any other rights of the accused under state and federal law."); Haskell v. Folino, 461 F. Supp. 3d 202 (W.D. Pa. 2020); Lee v. Cameron, 2017 WL 241326, at *4 (M.D. Pa. Jan. 19, 2017) (the state is generally free to re-arrest and retry the defendant on the original indictment when the state fails to retry a defendant within the time period specified by the federal court in conditionally granting defendant's habeas petition).

Additionally, "[w]hether [plaintiff] should be released on bail if the Commonwealth choses to retry him pending trial is an issue for the state court of competent jurisdiction to determine." *Id*. In the instant case, the state court docket indicates that the Commonwealth is not holding the plaintiff based of his prior conviction and sentence, rather, it indicates that he was released from incarceration pursuant to his prior conviction, and that the Commonwealth then re-arrested him. The plaintiff is currently being held without bail pending his retrial on the underlying murder charges since the Monroe County Court denied him bail. Further, insofar as the plaintiff claims that after his re-arrest, he was not given "his right to a proper pretrial bail hearing and other protections under state law, [plaintiff] can take up those matters, if at all, in the state courts …." Washington v. Beard, 258 F.Supp. 3d at 518. In fact, the plaintiff is represented by counsel in the Monroe County

Court and his counsel can protect the plaintiff's rights in state court and "is in the best position to advance [his] interests, …, in state court." *Id*. at n. 8.

Further, some of plaintiff's named defendants appear to be immune from his claims for money damages, namely, the prosecutors with the Monroe County District Attorney's Office, and one defendant appears to be entitled to judicial immunity, namely, Magisterial District Judge Richard Claypool. *See* Darby v. Geiger, 441 Fed.Appx. 840 (3d Cir. 2011) (holding that "Judges are entitled to absolute immunity—thus, immune to civil suits for damages—even when they commit errors of law", and that "state prosecutors generally enjoy absolute immunity from suit.")(citations omitted). The court finds that the stated immunities prevent the plaintiff from pursing his claims for damages against the mentioned defendants.

Finally, the report correctly recognizes that although plaintiff is *pro se*, and his allegations are construed liberally *see* Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011), he should not be granted leave to again amend his pleading based on futility.

The court finds no clear error of record with respect to Judge Arbuckle's findings regarding the plaintiff's amended complaint, and the court agrees with the sound reasoning that led Judge Arbuckle to the conclusions in his

report. As such, the court will adopt the report of Judge Arbuckle, in its entirety, as the decision of the court.

In light of the foregoing, **IT IS HEREBY ORDERED THAT:**

(1) The plaintiff's objections to the report and recommendation of Judge Arbuckle, **(Doc. 27)**, are **OVERRULED**.

(2) The report and recommendation of Judge Arbuckle, **(Doc. 24)**, is **ADOPTED IN ITS ENTIRETY**, as the ruling of the court.

(3) The plaintiff's amended complaint, **(Doc. 23)**, is **DISMISSED WITH PREJUDICE**.

(4) The clerk of court is directed to **CLOSE** this case.


*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**


**Date: September 29, 2022**
21-1603-02